UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| DENNIS POINTER, | : | Case No. 2:24-cv-1807 |
| Plaintiff, | : | |
| | : | District Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, an inmate currently housed at the North Central Correctional Institution (NCCI), in Marion, Ohio, has filed an amended civil rights complaint,[1] naming twenty-five defendants.[2] Plaintiff states that "the instant lawsuit arises out of the alleged breach of [his plea agreement] contract, which resulted in retaliatory actions being taken against plaintiff which

---

[1]Plaintiff's Amended Complaint supersedes Plaintiff's previous complaint and is the operative complaint. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted).

[2]Plaintiff names the following twenty-five defendants: the Ohio Department of Rehabilitation and Correction (ODRC) Director Ann[ette] Chambers-Smith; Warren Correctional Institution (WCI) Warden Ch[ae] Harris; ODRC Legal Services employee Sh[e]lley Clemmons; Madison Correctional Institution (MaCI) Deputy Warden "Mr. Heard"; MaCI Case Manager "Ms. Whitten"; MaCI Corrections Officer (CO) "Mr. Robinett"; Toledo Correctional Institution (ToCI) Inspector Michael Jenkins; Ohio Adult Parole Authority (OAPA) Chairperson Lisa Hoying; WCI Mental Health Administrator "Ms. Frye"; WCI Mailroom Supervisor "Ms. Combs"; Cuyahoga County; Franklin County Prosecutor Ron O'Obr[ien]; Cuyahoga County Prosecutor D[aniel] Van; Ross Correctional Institution (RCI) Warden Assistant John Doe No. 1; MaCI Warden Assistant John Doe No. 2; ToCI Warden Assistant John Doe No. 3; London Correctional Institution (LoCI) Lieutenant John Doe No. 4; MaCI CO John Doe No. 5; MaCI Highway Patrol Officer John Doe No. 6; Richland Correctional Institution (RICI) Mailroom Supervisor John Doe No. 7; RCI Cashier Jane Doe No. 1; MaCI Cashier Jane Doe No. 2; ToCI Cashier Jane Doe No. 3; RICI Cashier Jane Doe No. 4; and MaCI Mental Health Supervisor "Dr. Peterson." Plaintiff names the individual defendants in their individual and official capacities.

violated plaintiff[']s civil rights under the united states and Ohio state constitution, and title 2 of the A.D.A. section 12101." (Doc. 12, at PageID 200).³  Plaintiff has paid the filing fee.

This matter is currently before the Court for a s*ua sponte* review of the Amended Complaint (Doc. 12) to determine whether the Amended Complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 805, 28 U.S.C. § 1915A(b).  This matter is also before the Court on Plaintiff's Motion Seeking a Court Order to Turn over Property.  (Doc. 13).

Although Plaintiff has paid the filing fee, the Court is required by statute to screen the Amended Complaint to determine if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or states a claim against a person who is immune from suit.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners"), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 206 (2007); *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

**Screening of Amended Complaint**

**A.    Legal Standard**

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams,* 490 U.S. 319, 328-29

---

³The Court understands Plaintiff's constitutional claims to be brought under 42 U.S.C. § 1983. *See Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 624 (1979) (Powell, J., concurring) ("Section 1983 provides a private cause of action for the deprivation, under color of state law, of 'rights . . . secured by the Constitution and laws.'") (footnote omitted).

(1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286

3

(1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

  B.  **Allegations**

Plaintiff's Amended Complaint consists of various legal arguments and "complaints." (Doc. 12). Liberally construing the Amended Complaint, *see Erickson*, 551 U.S. at 94, the Court understands Plaintiff to assert the following eight groups of claims.

  1.  In his first group of claims, Plaintiff names Defendants Franklin County Prosecutor Ron O'Brien, ODRC Director Annette Chambers-Smith, John Does 1-3, and Jane Does 1-3. Plaintiff claims that since 2015 money from his prison account at various ODRC facilities has been improperly deducted to pay court costs in two cases, Franklin County Civil Case No. 13-CV-6565 and Cuyahoga County Criminal Case No. CR-93294529. He alleges that, as a result, he did not have sufficient funds to bring a federal ADA lawsuit after his state-court case was dismissed without prejudice in 2013. He also suggests that the money was allegedly improperly deducted in retaliation for filing the 2013 lawsuit. (Doc. 12, at PageID 208).

  2.  In his second group of claims, Plaintiff alleges that he received ineffective assistance of counsel from his defense attorney, John Martin, during Plaintiff's underlying criminal case in regard to procuring an independent psychological evaluation. (Doc. 12, at PageID 208-09).

4

3. In his third group of claims, Plaintiff alleges that Defendant Cuyahoga County Prosecutor Daniel Van violated the Ex Post Facto Clause of the Constitution by "appl[ying] Ohio's contract plea agreement law in a novel way" and using Ohio statutes that were enacted after Plaintiff's 1993 guilty plea to collect court costs from Plaintiff's prison accounts. (Doc. 12, at PageID 211-12).

Plaintiff further alleges that he challenged ODRC's putting a hold on his prison account and sending money to the "sentencing court" in Ohio small claims court but lost because Defendant ODRC Legal Services employee Shelley Clemmons filed a "fraudulent and fabricated" investigative report by Defendant ToCI Inspector Michael Jenkins in support of a motion to dismiss that was granted. Plaintiff also claims that he filed motions in his criminal case because he "was not able to meet the filing requirements of the Ohio supreme court because prison officials had destroyed his entire legal file when they had increased his security and the plaintiff was not able to file his claim in the federal courts because he had three strikes and even though had money sent from the I. R.S. in the amount of $1.800,00 sent to the Richland correctional institution on January 31th 2023 the money was not posted until March 20th 2024." (Doc. 12, at PageID 209-11).

4. In his fourth group of claims, Plaintiff sets forth a rambling narrative in support of his claim that he was improperly denied parole in 2020 while at Mansfield Correctional Institution because Defendant OAPA Chairperson Lisa Hoying applied parole guidelines that were adopted after he pled guilty and "the Ohio adult parole board does not allow inmates that suffer from true mental illness to review the reports, documents and, other written information connected to plaintiffs me[n]tal illness[.]" (Doc. 12, at PageID 212).

5

Plaintiff also brings Eighth Amendment excessive-force and Fourteenth-Amendment due process claims against Defendants MaCI CO Robinett, MaCI Case Manager Ms. Whitten, MaCI Deputy Warden Mr. Heard, and John Does 2, 4, 5, and 6 related to an allegedly false conduct violation and resulting criminal charge in 2018 that Plaintiff asserts were the basis for his denial of parole in 2020. (Doc. 12, at PageID 213-16).

Additionally, Plaintiff alleges that "on August 18th 2022 [he] filed an original action in mandamus with the Ohio supreme court which was dismissed for failure to attach a copy of cases filed by plaintiff in federal courts in the last five previous years the plaintiff was unavoidably prevented from getting all the information needed because when he had his security increased out of retaliation and was transferred to the Toledo maximum security prison he had all of his legal documents destroyed." (Doc. 12, at PageID 216-17).

5. In his fifth group of claims, Plaintiff alleges that while at WCI Defendant Mental Health Administrator Ms. Frye erroneously denied his kite requesting copies of mental health records prior to his 1993 conviction. Ms. Frye allegedly responded that such records were unavailable. Plaintiff asserts that either Ms. Frye was mistaken or his defense counsel did not order them prior to his preliminary hearing. (Doc. 12, at PageID 217).

6. In his sixth group of claims, Plaintiff alleges that unidentified prison staff failed to timely credit Plaintiff's stimulus check to his account, resulting in the check expiring and funds not being credited to his account until more that a year after the check was issued. (Doc. 12, at PageID 217-18).

7. In his seventh group of claims, Plaintiff asserts that Defendant Prosecutor Van misled the Ohio Court of Appeals during oral argument on May 12, 2022, and took unspecified actions relating to various motions Plaintiff had filed in the trial court for four years seeking "to

6

have court cost waived, suspended, or payment plain set up so that [he] would not be subjected to undue hard ship." (Doc. 12, at PageID 218).

8. In his eighth group of claims, Plaintiff alleges that in 2021, Defendant Mail Room Supervisor John Doe No. 7 at RCI interfered with Plaintiff's legal mail, allegedly causing several Ohio Supreme Court cases to be dismissed. Plaintiff alleges that he was then "forced . . . to file a motion on December 14th, 2023 with the united states supreme court but was told by them on December 20th 2023 that they do not have jurisdiction to hear civil cases filed against the state." (Doc. 12, at PageID 218).

Plaintiff seeks various forms of declaratory and injunctive relief, including that he "be released from his 1993 plea agreement contract." (Doc. 12, at PageID 218-20).

**ANALYSIS**

A plaintiff may not join unrelated claims and various defendants unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees."). *See also Harris v. Erdos*, No. 1:21-cv-104, 2022 WL 3053496, at *6 (S.D. Ohio Aug. 3, 2022) (recognizing "that any judicial economy gained by consolidating separate claims or defendants into a single action is quickly lost when those claims or defendants are unrelated" and "where, as here, the plaintiff is incarcerated, interpreting the joinder provisions too expansively would foil the explicit purpose

7

of the Prison Litigation Reform Act"); *Clemons v. Wexford Health Sources*, No. 20 C 50330, 2020 WL 13816796, at *4 (N.D. Ill. Oct. 5, 2020) ("Generally, claims regarding events in different prisons should be brought in separate lawsuits in the appropriate judicial district. This is another indication that Plaintiff is combining too many claims in a single lawsuit.").

"In the case of misjoinder, a court has two options: it may (1) drop misjoined parties 'on just terms'; or (2) sever any claim against a party." *Harris*, 2022 WL 3053496, at *6 (citing Fed. R. Civ. P. 21 and *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017)). The Court, in its discretion, may select the parties to drop or the claims to sever. *Id.* For the reasons below, Plaintiff's claims should be dismissed. *See* 28 U.S.C. § 1915A(b).

As set forth above, Plaintiff states that "the instant lawsuit arises out of the alleged breach of [his plea agreement] contract." (Doc. 12, at PageID 200). The Court understands the first three groups of claims and the seventh and eighth groups of claims to arguably arise out of Plaintiff's plea agreement or out of state-court proceedings challenging his plea agreement or the collection of court costs. For the reasons set forth below, however, each of those claims is subject to **DISMISSAL**. Further, the remainder of the claims in the Amended Complaint—the fourth group of claims (challenging parole procedures and prison conditions), the fifth group of claims (challenging the denial of mental health records), and the sixth group of claims (challenging the delayed deposit of his stimulus check)—involve distinct factual allegations that are drawn together, at best, by conclusory conspiracy and/or retaliation allegations,[4] arise out of separate transactions or occurrences, and should be **DISMISSED WITHOUT PREJUDICE** to

---

[4] "Plaintiff, however, cannot manufacture proper joinder out of conclusory allegations of conspiracy and retaliation." *Throneberry v. Butler*, No. 1:21-CV-903, 2022 WL 806927, at *8 (W.D. Mich. Mar. 17, 2022).

8

Plaintiff re-filing a separate action or actions, as appropriate, including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2), 21; *Harris*, 2022 WL 3053496, at *6.[5]

Plaintiff's first group of claims is subject to dismissal. The Court understands the first group of claims to assert that court costs have been improperly deducted from Plaintiff's prison account in violation of his Fourteenth Amendment right to due process and his First Amendment right to be free from retaliation.

To the extent Plaintiff alleges he was deprived of his prison funds without due process of law, his allegations fail to state a due process claim against Defendants. A withdrawal of funds from an inmate's prison account to pay court costs does not violate an inmate's constitutional rights. *See Gallagher v. Lane,* No. 03–3363, 75 F. App'x 440, 441–442 (6th Cir. Sept.16, 2003) (an inmate is not "deprived of his property by virtue of deductions from his prison trust account for court costs[.]").

Moreover, even if Plaintiff's allegations could constitute a due process claim for the unauthorized, intentional deprivation of his property, the Amended Complaint fails to state a claim for relief because Plaintiff fails to allege that his state post-deprivation remedies are inadequate. *Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir.1983); *Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part on other grounds, Daniel v. Williams,* 474 U.S. 517 (1984). Indeed, Plaintiff alleges in his third group of claims that he brought suit against the ODRC in the Ohio Court of Appeals for the allegedly improper

---

[5]Furthermore, Defendants WCI Mailroom Supervisor Combs, RCI Cashier Jane Doe No. 4, and MaCI Mental Health Supervisor Dr. Peterson are named in the case caption, but the Amended Complaint contains no factual allegations against them. This is an additional basis to dismiss these Defendants. *See Sebestyen v. Gardner*, No. 2:17-CV-550, 2017 WL 5629646, at *3 (S.D. Ohio Nov. 22, 2017), *report and recommendation adopted*, No. 2:17-CV-550, 2018 WL 4804662 (S.D. Ohio Oct. 4, 2018).

deduction of his prison account but was unsuccessful. The courts in this circuit have recognized that the Ohio Court of Claims provides an adequate remedy for inmates who believe that they have been deprived of their property. *See Myers v. Blackwell*, No. 2:12-CV-255, 2012 WL 6552842, at *2 (S.D. Ohio Dec. 13, 2012), *report and recommendation adopted*, No. 2:12-CV-255, 2013 WL 312689 (S.D. Ohio Jan. 25, 2013) ("This Court concludes that the Ohio Court of Claims offers an adequate post-deprivation remedy sufficient to cure the claimed deprivation of plaintiff's property interests."); *Buerger v. Ohio Dep't of Rehab. & Corr.*, No. 84-3235, 1985 WL 13069, at *1 (6th Cir. Mar. 18, 1985) ("We find the district court did not err in finding that Ohio's Court of Claims Act provided an adequate remedy for the recovery of damages related to the destruction of the watch."). That Plaintiff was unsuccessful in the Court of Claims does not render the remedy inadequate. *See Myers*, 2012 WL 6552842, at *2 ("The fact that the Ohio Court of Claims concluded that the claims actually asserted by plaintiff were not valid or had not been established by him does not render the remedy offered by that court inadequate."); *see also Damron v. Harris*, No. 4:20CV813, 2020 WL 6361877, at *2 (N.D. Ohio Oct. 28, 2020) (party's remedy did not become inadequate simply because he "did not obtain the relief he sought").[6]

Nor has Plaintiff stated a plausible retaliation claim. Plaintiff alleges that court costs were deducted from his prison account beginning in 2015 in retaliation for an earlier state-court lawsuit he filed challenging his mental health care that was dismissed without prejudice in 2013. (*See* Doc. 12, at PageID 208-210). Plaintiff's filing of a lawsuit two years prior to the allegedly retaliatory conduct is simply too remote in time to establish a retaliation claim. *See Vaughn v.*

---

[6]Additionally, as the *Myers* Court noted, "plaintiff's pursuit of claims in the Ohio Court of Claims likely resulted in a waiver of his right to pursue his claims under [42 U.S.C.] § 1983 in this Court." *Myers*, 2012 WL 6552842, at *2 (citing *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 825 F.2d 946, 952 (6th Cir.1987) (*en banc* )).

*Robb*, No. 1:11-cv-323, 2012 WL 769481, at *4 (W.D. Mich. Feb. 17, 2012), *adopted*, 2012 WL 772453 (W.D. Mich. Mar. 8, 2012) (citing cases where even three weeks between the protected conduct and alleged adverse action was too remote in time to establish a causal connection for a claim of retaliation).

Finally, to the extent that Plaintiff seeks to raise a denial of access to the courts claim, he has not demonstrated that having to pay for court costs from his prison account prevented him "from filing a non-frivolous habeas corpus petition or civil rights action." *Dixon v. Coleman*, No. 3:17-CV-01476, 2020 WL 435378, at *4 (N.D. Ohio Jan. 28, 2020). Such a claim is therefore subject to dismissal. *See id*. *Cf. Powell v. Michigan Dep't of Corr.*, No. 2:18-CV-221, 2019 WL 1033991, at *8 (W.D. Mich. Mar. 5, 2019) ("Plaintiff's attempt to raise a denial-of-medical-treatment claim as an ADA or RA claim is improper. Failing to attend to the medical needs of disabled prisoners is not an ADA or a RA violation.") (citing *Cannon v. Eleby*, No. 98-1546, 1999 WL 507006, at *1 (6th Cir. June 10, 1999)).

Plaintiff's first group of claims is therefore subject to dismissal.

Plaintiff's second group of claims against his former appointed defense attorney is also subject to dismissal. As an initial matter, Plaintiff's former attorney, John Martin, is not named as a defendant. Any claims in the Amended Complaint against Martin are therefore subject to dismissal. *See Wilkins v. S. Ohio Corr. Facility*, No. 1:22-CV-18, 2022 WL 2072907, at *2 n.2 (S.D. Ohio June 9, 2022), *report and recommendation adopted*, No. 1:22CV18, 2022 WL 3021817 (S.D. Ohio July 29, 2022). In addition, Martin was not acting under the color of state law within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 320-25 (1981). It is firmly established that a defense attorney, regardless of whether he is a public defender or a private attorney, is not a state actor for purposes of § 1983. *Id.* at 325 ("[A] public defender does

11

not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.").

Further, in the second group of claims Plaintiff challenges the validity of his state criminal convictions, essentially alleging that his criminal defense attorneys failed to properly represent him. A claim under § 1983 is an inappropriate remedy for a state prisoner challenging the validity of continued confinement. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). As Plaintiff's second group of claims concern the validity of his underlying state criminal proceedings, they are barred by *Heck*.

Accordingly, Plaintiff's second group of claims is subject to dismissal.

Plaintiff's third group of claims is likewise subject to dismissal. At the core of this group of claims is Plaintiff's assertion that the collection of court costs violates the *Ex Post Facto* clause. But the *Ex Post Facto* Clause "forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." *Berry v. Oklahoma*, No. CIV-11-34-D, 2011 WL 7637196, at *4 (W.D. Okla. Oct. 11, 2011), *report and recommendation adopted*, No. CIV-11-34-D, 2012 WL 1066168 (W.D. Okla. Mar. 29, 2012) (quoting *Weaver v. Graham,* 450 U.S. 24, 30 (1981)). The collection of court costs imposed by a judgment of conviction does not violate the *Ex Post Facto* clause. *See id.* As court costs were imposed in Plaintiff's original judgment of conviction, *see State v. Pointer*, 2022-Ohio-1942, ¶ 23, *appeal not allowed*, 2022-Ohio-3752, ¶ 23, 168 Ohio St. 3d 1420, 196 N.E.3d 860, *reconsideration denied*, 2022-Ohio-4617, ¶ 23, 168 Ohio St. 3d 1483, 200 N.E.3d 270 (Ohio 2022), the collection of those costs does not violate the Constitution. *Berry*, 2011 WL 7637196, at *4.

In his third group of claims, Plaintiff also appears to allege access-to-courts claims. However, as with his first group of claims, Plaintiff has failed to allege that he was prevented from filing a non-frivolous action in the state or federal courts. *See Pointer v. Ross Corr. Warden*, 2015-Ohio-4692, ¶ 5 (Ohio App. 8th Dist. Nov. 10, 2015) ("Moreover, Pointer has not provided this court with authority establishing that he possesses a clear legal right to prevent a hold on his prison account for costs associated with a Franklin County civil action or that the respondents possess a duty to not place a hold on his prison account."). Further, to the extent that he challenges the decision of the Ohio Court of Claims, "[a] federal court does not function as an additional state appellate court reviewing the state courts' decision on state law or procedure." *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)).

Plaintiff's third group of claims is therefore subject to dismissal.

In his seventh group of claims, Plaintiff complains about the alleged actions of Defendant Cuyahoga County Prosecutor Daniel Van in defending against Plaintiff's post-conviction motions in the trial court and on appeal. Defendant Van is entitled to prosecutorial immunity from Plaintiff's claims in his individual capacity. *See Williams v. Los Angeles Cty. Superior Ct.*, No. CV084283, 2009 WL 73732, at *12 (C.D. Cal. Jan. 9, 2009) ("The doctrine of prosecutorial immunity also applies to shield prosecutors from liability in a post-conviction setting."); *Parkinson v. Cozzolino,* 238 F.3d 145, 151-52 (2d Cir.2001) (prosecutor representing the state on appeal is shielded by prosecutorial immunity) (collecting cases); *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994) ("[The prosecutor's] functions in representing the State in . . . post-conviction motions and direct appeal very much implicated the judicial process.").

Further, Van is entitled to Eleventh Amendment immunity from Plaintiff's claims against him in an official capacity.

> Prosecutors act as state agents when prosecuting criminal charges. Consequently, a suit against a prosecutor in his official capacity is to be treated as a suit against the state. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (noting that a suit against a state official in his official capacity is no different than a suit against the state itself); *Pusey v. City of Youngstown,* 11 F.3d 652, 657–58 (6th Cir.1993) (noting that a county prosecutor, as an officer of the court, is acting on behalf of the state when prosecuting state charges). Under the Eleventh Amendment, a state cannot be sued in federal court without its consent. *Seminole Tribe of Fla. v. Fla.,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

*O'Connor v. Kelty*, No. 4:10CV0338, 2010 WL 2650198, at *3 (N.D. Ohio July 2, 2010).

Moreover, even if the Court were to construe the seventh group of claims as against Cuyahoga County, they still fail to state a claim upon which relief can be granted. "It is only when the 'execution of [the] government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." *City of Springfield, Mass. v. Kibbe*, 480 U.S. 257, 267 (1987) (O'Connor, J., dissenting) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Therefore, Cuyahoga County may be liable under § 1983 only if its policy or custom caused the alleged constitutional injury. *Monell*, 436 U.S. at 694. Plaintiff fails to allege facts supporting a plausible claim that Cuyahoga County caused his alleged harm. "A failure to identify a policy of the County under which Plaintiff believes he was harmed is fatal to his case." *Robinson v. Mahoning Cty.*, No. 4:16CV3011, 2017 WL 1399931, at *4 (N.D. Ohio Apr. 19, 2017).

Plaintiff's seventh group of claims is therefore subject to dismissal.

Finally, Plaintiff's eighth group of claims consists solely of a conclusory access-to-courts claims. As with the other access-to-courts claims asserted by Plaintiff in this case, these claims are subject to dismissal. *See McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003) (affirming

14

dismissal of a prisoner's access-to-the-courts claim where his allegation of actual prejudice was "purely conclusory" and he failed to allege, among other things, "the exact nature of his frustrated claims"); *Fields v. County of Lapeer*, No. 99-2191, 2000 WL 1720727, at *2 (6th Cir. Nov.8, 2000) ("A speculative injury does not vest a plaintiff with standing [to pursue an access to the courts claim] . . .").

Plaintiff's eighth group of claims is therefore also subject to dismissal.

Accordingly, in sum, it is **RECOMMENDED** that the first three groups of claims and the seventh and eighth groups of claims be **DISMISSED WITH PREJUDICE**, **with the exception of** any challenges to Plaintiff's underlying criminal conviction in the second group of claims, which sound in habeas corpus and should be **DISMISSED WITHOUT PREJUDICE**. *See Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (directing district court to dismiss claims without prejudice under *Heck*). The remaining, unrelated claims in the Amended Complaint, *i.e.*, the fourth, fifth and sixth groups of claims, should be **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing a separate action or actions, as appropriate, including such claims if he so wishes. Fed. R. Civ. P. 20(a)(2), 21; *Harris*, 2022 WL 3053496, at *6

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Court **DISMISS WITH PREJDUCIE** the first three groups of claims and the seventh and eighth groups of claims in the Amended Complaint, **with the exception of** any challenges to Plaintiff's conviction in the second group of claims, which should be **DISMISSED WITHOUT PREJUDICE** because they sound in habeas corpus, *see Sampson*, 917 F.3d at 882.

2. The Court **SEVER AND DISMISS WITHOUT PREJUDICE** the remaining, unrelated claims in Plaintiff's Amended Complaint (*i.e.,* the fourth, fifth and sixth groups of claims). Fed. R. Civ. P. 20(a)(2); 21; *Harris*, 2022 WL 3053496, at *6.

3. In light of the above recommendations to dismiss this case, it is further **RECOMMENDED** that the Court **DENY** Plaintiff's Motion Seeking a Court Order to Turn over Property (Doc. 13).

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v.* 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS:

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to

specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

September 23, 2024                                        *s/ Elizabeth A. Preston Deavers*
                                                          ELIZABETH A. PRESTON DEAVERS
                                                          United States Magistrate Judge