## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**DENNIS POINTER,**

|  |  |
|---|---|
| **Plaintiff,** | : |

**v.**

                **Case No. 2:24-cv-1807**
                **Chief Judge Sarah D. Morrison**
                **Magistrate Judge Elizabeth A.**
**ANNETTE CHAMBERS-**                **Preston Deavers**
**SMITH,** *et al.*,                :

               **Defendants.**

### ORDER

Dennis Pointer is an Ohio inmate proceeding without assistance of counsel. (*See* Am. Compl., ECF No. 12.) Mr. Pointer filed suit against 25 individuals connected to the state criminal justice system, including the Cuyahoga and Franklin County courts, the Ohio Adult Parole Authority, and the Ohio Department of Rehabilitation and Corrections. (*Id.*) The Magistrate Judge performed an initial screen of Mr. Pointer's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). The resulting Report and Recommendation recommends that Claims One, Three, Seven, and Eight be dismissed with prejudice for failure to state a claim; that Claim Two be dismissed without prejudice to re-filing in a habeas petition; and that Claims Four, Five, and Six be severed and dismissed without prejudice to re-filing in a separate action(s). (R&R, ECF No. 18.) Mr. Pointer filed objections to the R&R.[1] (Objs., ECF No. 20.)

---

[1] Mr. Pointer's Motion for Extension of Time (ECF No. 21) is **GRANTED**. His objections will be considered timely.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge construed Mr. Pointer's Amended Complaint as asserting "eight groups of claims." (R&R, PAGEID # 273.) Although Mr. Pointer argues that his pleading should be "evaluated as a whole," he does not dispute the Magistrate Judge's grouping or summary of his claims. (*See* Objs., PAGEID # 296.)

Even liberally construing the Amended Complaint, the Magistrate Judge observed that three of the eight groups of claims did not arise out of the same transaction or occurrence, or assert a common question of law or fact, as the remainder. (R&R, PAGEID # 277.) Specifically, the Magistrate Judge found that Claims Four, Five, and Six did not "arise[] out of the alleged breach of" Mr. Pointer's plea agreement (*id*. (quoting Am. Compl., PAGEID # 200)) and recommended that they be severed and dismissed without prejudice (*id*. (citing Fed. R. Civ. P. 20(a)(2))).

The Magistrate Judge went on to find that Claim Two attacks the validity of Mr. Pointer's underlying state court conviction and is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (R&R, PAGEID # 281.)

Finally, the Magistrate Judge analyzed Claims One, Three, Seven, and Eight, and concluded that each fails to state a claim upon which relief may be granted. (*Id.*, PAGEID # 280 (recommending that Claim One be dismissed because the Ohio Court of Claims provides an adequate remedy for intentional deprivation of inmate property), 282 (recommending that Claim Three be dismissed because the imposition of court costs in a judgment of conviction does not violate the Constitution's *Ex Post Facto* clause), 283 (recommending that Claim Seven be dismissed on prosecutorial and Eleventh Amendment immunity grounds), 284 (recommending that Claim Eight be dismissed for failure to allege injury-in-fact).

Mr. Pointer's objections focus largely on the Magistrate Judge's decision to strike a late attempt to amend or supplement the operative Amended Complaint. (*See* Objs., PAGEID # 294–95; *see also* ECF No. 16.) But the substance of that proposed amendment/supplement does not remedy the deficiencies identified in the Report and Recommendation. (*See* ECF No. 15, *generally*.) His objections are otherwise conclusory or incomplete and, thus, not persuasive. (*See* Objs., PAGEID # 296–97.)

On *de novo* review of the record and filings, the Court finds no error in the Magistrate Judge's reasoning or conclusions.

Mr. Pointer's Objections (ECF No. 20) are thus **OVERRULED** and the Report and Recommendation (ECF No. 18) is **ADOPTED** and **AFFIRMED**. Mr. Pointer's claims are **DISMISSED** as follows:

- <u>Claim One</u>: Dismissed with prejudice
- <u>Claim Two</u>: Dismissed without prejudice

- <u>Claim Three</u>: Dismissed with prejudice
- <u>Claim Four</u>: Severed and dismissed without prejudice
- <u>Claim Five</u>: Severed and dismissed without prejudice
- <u>Claim Six</u>: Severed and dismissed without prejudice
- <u>Claim Seven</u>: Dismissed with prejudice
- <u>Claim Eight</u>: Dismissed with prejudice

Finally, Mr. Pointer's Motion for Extension of Time (ECF No. 21) is

**GRANTED**, his Motion Seeking Order to Turn Over Property (ECF No. 13) is

**DENIED**, and his Motion for Reconsideration (ECF No. 19) is **DENIED**.

The Clerk is **DIRECTED** to **TERMINATE** this case.


**IT IS SO ORDERED.**


/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**